**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

HERIBERTO LOPEZ REGALADO,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*[1],

Respondents.

Case No. 2:26-cv-00846-RFB-DJA

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER THE EAJA**

Petitioner Heriberto Lopez Regalado initiated this action in March 2026 by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge his civil detention by Respondents on statutory and due process grounds (ECF No. 1) (the "Petition"). This Court granted the Petition on April 6, 2026 (ECF No. 8), ordering a bond hearing for Petitioner.

The matter now before this Court is Petitioner's Unopposed Motion for Attorney's Fees and Costs under the Equal Access to Justice Act ("EAJA") (ECF No. 11). For the following reasons, the Court grants the motion and awards Petitioner fees and costs under the EAJA in the amount of $3,566.74.

## I. LEGAL STANDARDS

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of Court is instructed to substitute the named Respondents as listed in this Order, *infra* Part IV.

award unjust.'" Medina Tovar v. Zuchowski, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). Specifically, a court must find the following to award fees and expenses: "(1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002).

"It is the government's burden to show that its position was substantially justified." Medina Tovar, 41 F.4th at 1089. "Substantially justified" means "justified to a degree that could satisfy a reasonable person." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Id. (quoting Pierce, 487 U.S. at 565). The court examines "both the government's litigation position and the underlying agency action giving rise to the civil action." Id. Whether the government's position was substantially justified is a matter of discretion for the district court. See id. at 869.

To be substantially justified means "more than merely undeserving of sanctions for frivolousness." Pierce, 487 U.S. at 566. Where the law is unsettled or unclear, "there is no per se rule that EAJA fees cannot be awarded where the government's position contains an issue of first impression." Gutierrez v. Barnhart, 274 F.3d 1255, 1261 (9th Cir. 2001). Any argument to the contrary would mean that, "whenever [the government] violates its own regulations, or assumably any clear legal rule, for the first time, the private party who succeeds in forcing government compliance nonetheless must be deprived of fees because the government gets an automatic 'first impression' free pass. This position contravenes the purpose of the EAJA . . . to eliminate financial disincentives for those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of Government authority." Id. at 1262 (internal quotation marks and citations omitted).

With respect to the reasonableness of fees and costs, EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the

proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A court may award market rates based on the limited availability of qualified attorneys when the attorneys possess (1) "distinctive knowledge and specialized skill" that was (2) "needful to the litigation in question" and (3) "not available elsewhere at the statutory rate." Nadarajah v. Holder, 569 F.3d 906, 912 (9th Cir. 2009) (citation modified).

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." FED. R. CIV. P. 52(a)(1), 54(d)(2)(C).

## II. FINDINGS OF FACT

The Court incorporates by reference its findings of fact as set forth in its Order granting the Petition. See ECF No. 8 at 2–3. On April 6, 2026, the Court granted the Petition and ordered a constitutionally adequate bond hearing for Petitioner. See id. at 4. Petitioner now requests the Court award attorney's fees in the amount of $3,566.74. See ECF No. 16 at 9. Petitioner requests fees at the statutory maximum rate, adjusted for inflation, in the amount of $258.46 per hour for work completed by attorney Jeremy Mondejar, totaling $3,566.74 for the 13.8 hours of work completed. See id.

To date, Federal Respondents have not filed a response to the motion for attorney's fees. Thus, the Court finds that Respondents do not contest that Petitioner is the prevailing party in this matter or that the fees and costs requested by Petitioner are not reasonable. The Court further finds that Respondents' position was not substantially justified, and thus attorney's fees may be awarded under the EAJA.

## III. CONCLUSIONS OF LAW

Parties do not dispute that Petitioner is the prevailing party. 28 U.S.C. § 2412(d). In addition, there is no dispute that the requested fees are reasonable in this case, and the Court in its review confirms the reasonableness of the sought fees under EAJA and Ninth Circuit standards.

The Court turns to the question of whether Federal Respondents' position was substantially justified.

As previously stated, the "position of the United States" includes both the government's litigation position and the underlying agency action giving rise to the civil action. Meier, 727 F.3d at 870. Here, the Court finds the government's position lacked a reasonable basis in law and fact because, regardless of the validity of their statutory interpretation under § 1225(b)(2)(A), they failed to provide any constitutional justification for Petitioner's detention. See generally ECF Nos. 5, 7 (providing no response to Petitioner's due process arguments).

The Court finds this position is objectively unreasonable in light of existing, binding Supreme Court and Ninth Circuit precedent that Respondents failed to acknowledge or address in their briefing. See Escobar Salgado, 809 F. Supp. 3d at 1158–63; see also Washington v. Heckler, 756 F.2d 959, 962 (3d Cir. 1985) ("When the government's legal position clearly offends established precedent, however, its position cannot be said to be 'substantially justified.'"). Because substantial justification is evaluated with respect to the government's position as a whole, see Comm'r, INS v. Jean, 496 U.S. 154, 159 (1990), and the Court identified both statutory and constitutional violations in this case, the government must demonstrate that its defense of both the statutory and due process positions asserted was justified. They have not.

Based on the foregoing Respondents have not met their burden to establish that their position was substantially justified under the EAJA. The Court therefore awards Petitioner $3,566.74 in attorney's fees.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Petitioner's Unopposed Motion for Attorney's Fees and Costs (ECF No. 16) under the EAJA is **GRANTED**. Petitioner is awarded fees and costs under the EAJA in the amount of $3,566.74. The Clerk of Court is instructed to enter judgment to include this award in favor of Petitioner.

**IT IS FURTHER ORDERED**, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of Court will **SUBSTITUTE** (i.) Ruben Leyva for Jason Knight; (ii.)

Markwayne Mullin for Kristi Noem; and (iii.) Todd Blanche for Pamela Bondi as the named Respondents in this action and update the docket accordingly.

**DATED:** November 23, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**